IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, #N92676, | |
| Plaintiff, | Case No. 21-cv-00483-SPM |
| v. | |
| ROB JEFFREYS, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Defendant Nurse Burns has yet to be served with the Complaint. Because Plaintiff Knox is proceeding in forma pauperis, pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order a United States marshal to conduct service on his behalf. The marshal is then required to make reasonable efforts to personally serve the summons and the complaint on the defendant.

Here, after unsuccessfully attempting to serve Defendant Burns by mailing a request to waive service of summons, the Clerk of Court issued a formal service of the summons and the Complaint on November 2, 2021. (Doc. 64, 69). The summons was returned unexecuted with a note from the marshal explaining, "subject not located at Residence. No response card left on 11/10/21. No response from Wexford Health Sources, no answer at residence on 11/15/21." (Doc. 125).

The Court does not find that the marshal's attempts meet the "reasonable efforts" requirement as prescribed by the Seventh Circuit. *See Williams v. Werlinger*, 795 F. 3d 759 (7th 2015); *Geder v. Godinez*, 221 F. 3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. 2000); *Graham*

*v. Satkoski*, 51 F. 3d 710 (7th Cir. 1995); *Sellers v. United States*, 902 F. 2d 589 (7th Cir. 1990). Based on the notes, the marshal attempted service by visiting a residential address twice and a commercial address once. It is not clear from the records whether the marshal spoke with neighbors, attempted to obtain a forwarding address, or tried other means to make contact with someone employed at Wexford Health Sources, Inc. It is hard to believe that no one at Wexford Health Sources, Inc. would be available to speak with the marshal regarding Defendant Burns's current whereabouts. There is also no notation of using any electronic databases routinely used in locating individuals for service, including a basic public internet search.

Thus, the Clerk of Court shall **REISSUE** the summons for Defendant Burns, and the United States Marshals Service shall make reasonable efforts to locate and serve the summons and Knox's Complaint on this defendant. If unsuccessful, the Marshals Service shall include in the "Remarks" section of the Form USM-285 a description of the steps that it took to attempt to effect service of process. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service.

**IT IS SO ORDERED.**

**DATED:   December 6, 2021**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**