IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, <br><br> Plaintiff, <br><br> v. <br><br> ROB JEFFREYS, *et al.*, <br><br> Defendants. | Case No. 21-cv-00483-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on motions for injunctive relief filed by Plaintiff Ted Knox. (Doc. 11, 12, 66). Knox, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), commenced this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. Knox claims that he suffers from several medical issues. He is morbidly obese and has left hip osteoarthritis, degenerative spine disease, an enlarged heart, high blood pressure, and a partial collapsed lung. Knox is also diabetic. He asserts that IDOC and Wexford Health Sources, Inc. have a policy requiring inmates housed in North Two House to walk up and down stairs to receive daily insulin shots. Because of this policy and despite his physical disabilities, he was forced to take the stairs in order to receive his insulin while he was housed in North Two Cell house from December 2019 until February 2020, resulting in severe pain and missed insulin treatments. Knox is proceeding on claims against medical and correctional staff pursuant to the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act for forcing him to take the stairs in order to receive his insulin treatments and denying him insulin. (Doc. 13).

**MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO INTERVENE** (Doc. 11, 12, 66)

On September 14, 2021 Knox filed a motion requesting a preliminary injunction and a temporary restraining order ("TRO"). (Doc. 11, 12). He claims that in retaliation for filing this lawsuit, he received a false disciplinary report and is now housed again in North Two segregation in violation of his low gallery permit. He is being forced once again to walk up and down stairs to receive insulin or face further disciplinary charges for disobeying an order. Knox was denied insulin on September 6, 7, 8, and 9, when he was physically unable to walk up the stairs to receive the medication. He was also denied his hepatitis B and C shots because he was unable to climb the stairs to the infirmary. In retaliation, Knox claims he was denied a diabetic snack tray on September 6, 7, 8, 9, and 10. He was told he was not on the list, but he contends it is common knowledge that diabetics receive a snack tray following afternoon doses of insulin.

In a supplement, filed September 20, 2021, Knox states that on September 16 he was moved to a different cell in North Two. He is now housed in the general population side of North Two House, the same location where he was celled during the relevant times stated in the Complaint. (Doc. 12, p. 2). On September 16, he was allowed to use the elevator for his afternoon insulin treatment. On September 17, during the morning treatment time, staff told Knox they did not have time to put him on the elevator, and the insulin was provided to him at his "cell front." That afternoon, Defendant Tripp and other staff denied Knox insulin after he told them he was physically unable to walk up the stairs. He showed them his low gallery permit and his elevator for insulin injection permit, but they ignored his low gallery permit and focused on the fact his elevator permit is expired. Knox explained that he did not seek renewal of the elevator permit because he was moved from North Two in February 2020, and no longer required the permit. Lieutenant Westerman yelled at Knox and stated that if he started complaining again, he would be moved to West or East House where he can get "cell front" insulin. Knox claims that West and

East House are where aggressive inmates are sent as punishment.

Knox asks the Court to order defendants to cease violating the terms of his medical permits and denying him his prescribed insulin shots and other medical services because he is unable to climb stairs.

The Court denied Knox's request for a TRO and directed Defendant Lawrence, as the warden of Menard, to respond to the pending motion for preliminary injunction.[1] On October 29, 2021, Knox filed a Motion to Intervene. (Doc. 66). He states he continued to be denied insulin on October 26, 27, and 28.

In response, Defendant Lawrence argues that Knox is not entitled to a preliminary injunction. (Doc. 60, 83). He states that there is no evidence that Knox has been denied insulin, hepatitis A and B vaccines, or snack trays. (Doc. 78, 83-1). Lawrence states that Knox repeatedly refused insulin on September 8, 9, 10, 11, and 19. He also refused a hepatitis A and B shot on September 8. However, he ultimately received the hepatitis shot on October 13, 2021. Knox's diabetic snack tray was renewed on October 21, 2021, after he submitted a request the previous week.

As for his arguments regarding various permits, Defendant Lawrence does not dispute that Knox has a low gallery permit but argues the permit does not "mandate no stairs" as Knox asserts. Rather, a low gallery permit allows Knox to be housed on the lower level of whichever housing unit he is assigned. (*See* Doc. 83-1, p. 2). Furthermore, Knox does not have an ADA elevator permit, which would allow him to take the elevator to receive his insulin or other medical care. He previously had an ADA elevator permit but that permit was discontinued by Dr. Siddiqui on

---

[1] On October 5, 2021, the Court denied Knox's motion requesting the Court to reinstate his request for a TRO. (Doc. 26, 33). The Court granted his motion to supplement the motion to reinstate with additional exhibits. (Doc. 31, 33). However, the proposed exhibits were never filed on the docket. Therefore, the Clerk of Court will be directed to file the exhibits filed with the Court on October 4, 2021, as exhibits to Doc. 26.

February 11, 2021 and has not been renewed. Only the medical director, a physician, or a nurse practitioner can issue permits for medically necessary accommodations.

Defendant Lawrence puts forth evidence that on November 3, 2021, Knox was taken to the health care unit for a medical evaluation of his possible ADA needs and insulin concerns. The medical records indicate that Dr. Copple did a full evaluation and assessment of Knox. (Doc. 83-2, p. 28). That same day, Knox was issued a medical permit to receive his insulin at his cell front. Knox was also issued a slow walk permit and a permit for all medical appointments to take place at the health care unit. Physical therapy was ordered. On November 5, 2021, Knox was moved from North Two and is currently being housed in North Lower cell 154.

After requesting an extension, Knox filed a reply brief on January 3, 2022. (Doc. 136). He again asserts that his lower gallery permit mandates that he is not to be forced to take the stairs and that while housed in North Two he was forced to comply with the policy to be taken to the fifth floor infirmary to receive his insulin in violation of his permit and despite his inability to climb flights of stairs. Knox argues that the insulin reports are not legible. He also states that Defendants have failed to address "why is it being recorded as a refusal" of medical care on his part when he is unable to climb the stairs to the infirmary in order to receive insulin.

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.,* 149 F.3d 722, 726 (7th Cir. 1998). In order to obtain preliminary injunctive relief, Knox must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Court does not find that Knox has clearly demonstrated that he is entitled to a preliminary injunction. First, he has not shown that he is likely to succeed on the merits of his claims. The bases of his claims is that Defendants acted with deliberate indifference and discriminated against him by violating his low gallery permit and "forcing" him to take the stairs in order to receive his insulin treatments on days he was experiencing extreme pain, while housed in North Two from November 2019 through February 2020. On the occasions it was too painful to climb the stairs, he was effectively denied treatment. However, nothing in the record supports Knox's contention that he was medically unable to use the stairs. While Knox has medical conditions which most likely contribute to and cause pain, he does not claim that he has been instructed by any medical professional to refrain from physical activity and to not use the stairs. In fact, the opposite appears to be true.

According to the medical records, in response to Knox's complaints that he was missing insulin treatments due to an inability to climb stairs made in January 2020, an evaluation by physical therapy was ordered to help him to become *more* mobile and to be able to take his insulin. (Doc. 1, p. 24; Doc. 12, p. 16). Results from an x-ray of his cervical spine taken in February 2020, were recorded as "normal/stable." (Doc. 1, p. 44). In response to a grievance Knox wrote complaining of denial of insulin because he could not take the stairs, the grievance officer noted on May 7, 2021 that "[i]t has been determined the offender does not have a medical condition preventing him using the stairs for his medical and mental health services." (Doc. 26, p. 62). On May 18, 2021, Nurse Practitioner Dearmond noted in the medical records that she discussed with Knox that increased activity, including exercise, walking, and *climbing stairs* are the best treatment for arthritis. (Doc. 26, p. 69; Doc. 60-3, p. 1). On August 17, 2021, Knox was seen by a physician who "encouraged short duration low impact physical activity such as walking." (Doc. 60-3, p. 21). And finally, during the most recent medical evaluation, Dr. Copple recorded that Knox's mild

arthritis in his left hip is not consistent with his described symptoms. (Doc. 83-2, p. 28). Dr. Copple encouraged Knox to perform exercises in his cell to help with the pain.

Furthermore, Knox's contention that the low gallery B permit issued to him by medical staff prohibits his use of stairs is also not supported by any evidence. Defendant Lawrence states that the low gallery permit does not mandate that Knox is not to sue the stairs. According to Angela Crain, the healthcare unit administrator, the effect of a low gallery B permit is to allow an inmate to be housed on the lower level of whichever housing unit he is assigned. Furthermore, as Knox has stated, he was not issued a permit to use the elevator by Dr. Siddiqui until February 11, 2020. Thus, there was no violation of a medical permit from December 2019 through February 2020.

The medical record shows that not only was Knox physically able to take the stairs, but he has been encouraged to do so by medical professionals, who believed it would aid in his treatment. Accordingly, Knox has not shown that Defendants acted with deliberate indifference and denied him medical treatment for his diabetes. Rather, the evidence suggests that he chose to decline treatment on days when he was experiencing an increase in pain and did not want to take the stairs.

Additionally, Knox has not demonstrated that an "irreparable injury is *likely* in the absence of an injunction." *Mays v. Dart,* 974 F. 3d 810, 822 (7th Cir. 2020). He has been moved from North Two, and currently is housed in North Lowers. He has been issued a permit to receive insulin at his cell front, a slow walk permit, and a permit for all medical appointments to take place at the Health Care Unit. Additionally, his diabetic snack tray has been renewed. (Doc. 83-2, p. 21). Thus, there is no evidence he is in immediate danger of harm, and he has been provided his requested injunctive relief – for Defendants to cease denying him insulin by forcing him to walk upstairs for treatment.

For these reasons, Knox has not made a clear showing that a preliminary injunction is warranted, and the motion for a preliminary injunction and the motion to intervene are **DENIED.**

(Doc. 11, 66).

### MOTION FOR SUBPOENA

Knox requests subpoena forms to be served on Defendants in order to identify the signatures on the medical chart provided by Defendants that records the dates of accuchecks and refusals for September 2021. (Doc. 137). Knox states that this exhibit is illegible, and he is unable to identify the author of the entries, the readings, or whether insulin was given or denied.

In response, Defendants ask the Court to strike the motion. (Doc. 142). They argue that the request is immaterial and redundant, as they provided the declaration from Angela Crain who reviewed the medical records, including the insulin logs. Defendants further argue that Knox is prematurely arguing the facts of his case and by requesting the authors of the insulin logs he is only delaying the Court from rendering a decision on the motion for preliminary injunction.

Knox then filed a motion to clarify, in which he specifies he is only seeking to obtain a legible account of the insulin log for September 2021.(Doc. 147). He also asserts additional allegations stating that because of a staffing shortage he did not receive his 2 a.m. insulin on January 21, 2022 and January 22, 2022. He submitted a nurse sick call request. When Defendant Nurse Gregson came to his cell, he told Gregson that he had a permit requiring that all his medical appointments be conducted at the healthcare unit, including nurse sickcalls. Gregson refused to escort him to the healthcare unit or a private venue to evaluate him. Knox states that he believes that Defendants moved him to North Lowers and issued a permit to receive medical treatment at the healthcare unit in order to urge the Court to deny his preliminary injunction motion. To the extent Knox is clarifying his request for a subpoena, the motion is **GRANTED in part**. However, the Court will not consider the additional allegations presented by Knox regarding conduct by Defendant Gregson, which are not in the Complaint, motion for preliminary injunction, supplements, or reply brief, and the motion is **DENIED in part.**

The motion requesting a subpoena is **DENIED.** (Doc. 137). Such information is not required at this time. The Court agrees that many of the medical records are illegible, and once discovery has commenced, Knox may seek further information regarding the contents of the records through the normal discovery process.

The motion to strike is **DENIED.** (Doc. 142).

## DISPOSITION

For the reasons stated above, the motion for a preliminary injunction (Doc. 11) and the motion to intervene (Doc. 66) are **DENIED.**

The motion to clarify (Doc. 147) is **GRANTED in part**. The motion requesting subpoena is **DENIED.** (Doc. 137).

The motion to strike filed by Defendants (Doc. 142) is **DENIED.**

The Clerk of Court is **DIRECTED** to file the proposed exhibits filed with the Court on October 4, 2021, as exhibits to Doc. 26.

**IT IS SO ORDERED.**

**DATED: April 27, 2022**

                                                                         *s/Stephen P. McGlynn*
                                                                         **STEPHEN P. MCGLYNN**
                                                                         **United States District Judge**