## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TED KNOX,** | |
| **Plaintiff,** | |
| | **Case No. 21-cv-00483-SPM** |
| **v.** | |
| **ROB JEFFREYS,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on pending motions filed by Plaintiff Ted Knox and Defendants Bert and Knop. (Doc. 148, 170, 171, 172).

### MOTION TO SUBSTITUTE

After attempting service of the Complaint on Defendant Brandon Metcalf, the Court received the waiver of service returned unexecuted, along with notification that Metcalf is now deceased. (Doc. 73). The Court advised Plaintiff Ted Knox that he had 90 days to file a motion to substitute Metcalf, and if he failed to do so, Metcalf would be dismissed from this lawsuit. (Doc. 76, citing FED. R. CIV. P. 25(a)(1)).

Knox filed the motion to substitute, currently before the Court, asking for the Court substitute the Estate of Metcalf as a defendant. (Doc. 148). Because it was unclear if an estate had in fact been opened, the Court directed Defendants to respond to the motion and inform the Court as to whether an estate has been opened for Metcalf or to provide the identity of a special representative that could be substitute in place of the deceased defendant. (Doc. 162). Defendants then notified the Court that there is no will or estate for Metcalf and provided the name of Metcalf's sister, Amber Metcalf. (Doc. 168).

Rule 25(a) of the Federal Rules of Civil Procedure provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In accordance with the Rule 25, Knox's Eighth Amendment claims of deliberate indifference (Counts 2 and 3) are not extinguished by the passing of Metcalf,[1] and the motion to substitute was timely filed. *See Bennet v. Tucker*, 827 F. 2d 63, 68 (7th Cir. 1987); *Anderson v. Romero*, 42 F. 3d 1121, 1123 (7th Cir. 1994); *Estrada v. Hamby*, No. 04-434-CJP, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010) (observing that it "is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that survives under the Illinois Survival Act, 755 ILCS 5/27-6"). That leaves the Court with the decision of who is the "proper party" for the purpose of substitution. FED. R. CIV. P. 25(1)(1).

In making this determination, the Court looks to Illinois state law. *See Anderson*, 42, F. 3d at 1123 (the Seventh Circuit using state law to determine whether an individual is a "proper party" for substitution); *Tucker v. Mitchell-Lawshea,* No. 17 CV 05883, 2019 WL 1057384, at *3-4 (N.D. Ill. Mar. 6, 2019) (finding that the district court had the authority to appoint a special representative under Illinois law); *Wolter v. Anselmo Lindberg Oliver*, LLC, No. 16 C 4205, 2017 WL 11559026, at * 1 (N.D. Ill. Arp. 27, 2017) ("whether the proposed party is a 'proper party' is substantive, however, and is determined by state law"); *Mitchell v. LVNV Funding, LLC,* No. 12-CV-523-TLS, 2020 WL 614645, at *3 (N.D. Ind. Feb. 10, 2020) (recognizing that many courts in and outside this circuit "have held that state law should be used to resolve issues related to substitution"). Normally, the proper party is the "personal representative of the party who has died." *See Atkins*

---

[1] The Court notes that it is not disputed that Metcalf died after the initiation of this case.

*v. City of Chi.*, 71 F. 3d 869, 870 (7th Cir. 2008). However, when "no petition for letters of office for the decedent's estate has been filed," Illinois law provides that, upon the filing of a motion, the Court "may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/2-1008(b)(2).

Because Metcalf died intestate, the estate cannot be substituted to defend this action. Additionally, the Court does not find that the sister of Metcalf, Amber Metcalf, is a "proper party" for the purposes of substitution and will not name her as a special representative. The Court first notes that Knox has not filed a motion requesting this substitution. Furthermore, even if he had, other than kinship, no legal relationship between Metcalf and his sister has been established, and thus, she is not a "proper party for Rule 25 purposes." *See Taylor v. Bob O'Conner Ford, Inc.,* No. 97 C 0720, 2000 WL 876920, at *6 (N.D. Ill. June 29, 2000) ("where "[t]here is no other legal relationship between [the party to be substituted] and the deceased [defendant] other than kinship," a Rule 25(a) motion must be denied") (quoting *Roberson v. Wood,* 500 F. Supp. 854, 859 (S.D. Ill. 1980)). *See also Robert Cole v. City of Chi.,* 2009 WL 10737897, at *5 (N.D. Ill. Jan. 20, 2009).

Accordingly, the Motion to Substitute (Doc. 148) is **DENIED.** Defendant Metcalf is **DISMISSED without prejudice.**

### MOTION TO SET ASIDE DEFAULT

Defendants Elizabeth Bert[2] and Elizabeth Knop were successfully served and directed to file answers to the Complaint. (Doc. 53, 144). They failed to do so. Accordingly, the Clerk of Court entered default against them on July 5, 2022. (Doc. 163, 164, 165). On July 25, 2022, Defendants Bert and Knop filed a motion to set aside default. (Doc. 170). In light the motion to set aside default, Knox filed a motion stating he would voluntarily withdraw his motion for default

---

[2] Now that Defendant Bert has identified herself by her proper name, the Clerk of Court is **DIRECTED** to correct the docket accordingly: Elizabeth Bert ("Nurse Burt"). (*See* Doc. 170),

judgment against Defendants Bert and Knop in order to promote judicial efficiency. (Doc. 172).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Defendants Bert and Knop have met the standard for vacating the entry of default. Specifically, they have shown good cause for default and acted quickly to correct the error. Defense Counsel explains that both Defendants no longer work for the Illinois Department of Corrections ("IDOC") and were under the mistaken belief that they would be automatically assigned counsel and contacted by IDOC legal services regarding any obligations pertaining to this suit. They did not know that they needed to request representation. Once they were notified of the default, Defense Counsel took quick action to resolve the issue and entered her appearance on their behalf. Finally, Defendants have meritorious defenses and ask to file their answers *instanter*.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Bert and Knop have met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Clerk's Entry of Default. (Doc. 170). The Entry of Default (Doc. 165) is **VACATED in part as to Defendants Bert and Knop** but remains as to **Defendant Oetjen**. The Motion to Withdraw Previous Motion for Default Judgment filed by Knox (Doc. 172) is **DEEMED MOOT.** Defendants Bert and Knop shall file their responsive pleadings **INSTANTER.** The Clerk of Court is **DIRECTED** to send this Order to Defendants Oetjen and Burns, who still have not filed a responsive pleading to the Complaint and counsel has not entered

appearance on their behalf.

## MOTION TO NOTIFY

Knox has filed a motion notifying the Court that he has seen Defendant Jetton several times at Menard Correctional Center, but he does not know her official return date from military service. (Doc. 171). The Motion to Notify the Court of the Whereabouts of Defendant Jetton (Doc. 171) is **GRANTED.** Jetton has been successfully served, and her answer to the Complaint is due October 24, 2022. (Doc. 174).

**IT IS SO ORDERED.**

**DATED: September 1, 2022**

    *s/Stephen P. McGlynn*            
**STEPHEN P. MCGLYNN**
**United States District Judge**