IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TED KNOX,** **#N92676,**         **Plaintiff,** v. **ROB JEFFREYS,** *et al.*,         **Defendants.** | Case No. 21-cv-00483-SPM |

**MEMORANDUM AND ORDER**

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by Plaintiff Ted Knox. Plaintiff has filed a motion for leave to file an amended complaint. (Doc. 180). Defendants filed responses in opposition to the motion. (Doc. 182, 187). Plaintiff filed reply briefs. (Doc. 186, 188). Plaintiff then filed a motion to brief the Court in which he corrects his previous reply briefs and adds additional arguments for why he should be allowed to amend. (Doc. 194).[1] Plaintiff has also filed a motion to stay the deadlines regarding identification of the John Doe Defendants and a second motion to appoint counsel. (Doc. 191, 201).

    **I.**    **Motion for Leave to File an Amended Complaint**

Plaintiff has filed a motion seeking leave to file an amended complaint and submitted a proposed amended complaint to the Court. (Doc. 180). Both the motion seeking leave to file an amended complaint and the proposed amended complaint itself do not comply with orders previously issued by the Court and Local Rule 15.1. In the Initial Scheduling and Discovery Order, Plaintiff was instructed to explain in his motion "how the proposed amended complaint differs

---

[1] Because Plaintiff is proceeding pro se, the motion to brief the Court is **GRANTED.** (Doc. 194). Plaintiff's arguments will be considered in ruling on the motion for leave to amend.

from the complaint on file." (Doc. 179, p. 4). In the motion, Plaintiff states that his "prior allegations against the remaining named Defendants remain substantively unchanged." (Doc. 180, p. 2). He does not, however, provide any additional details on why he seeks to amend and how the amended complaint is different from his original. Nor does he follow the directive to underline all new material. (Doc. 179, p. 4) (citing SDIL-LR 15.1). While Plaintiff has underlined some new material (*see* proposed amended complaint para. 274-466), including the names of 19 new parties, he has not underlined "all" new material or at least signaled to new or modified allegations by underlining the paragraph number that contains such amendments. *See* LR-SDIL – 15.1. To further confuse matters, he delineates new counts not previously designated by the Court in the Merit Review Order; again, despite instructions to the contrary. (*See* Doc. 13). Given that Plaintiff's amended complaint is around 134 pages, and his original Complaint is about 60 pages, it is obvious that the two complaints are substantially different. The Court need not, and will not, conduct a detailed line-by-line comparison. Plaintiff was warned that failure to comply with the requirement to underline all new material would result in rejection of the proposed amended complaint. (Doc. 179, p. 4). Accordingly, the Motion for Leave to File an Amended Complaint is **DENIED without prejudice.** (Doc. 180).

II.     **Motion Requesting Stay to File a Motion to Substitute John Doe(s)**

In the Initial Scheduling and Discovery Order, the Court informed Plaintiff that he had until December 16, 2022, to file a motion to substitute specific Defendants for John Doe 1 and John Doe 2. (Doc. 179, p. 3). Prior to this deadline, on December 12, Plaintiff filed a motion asking the Court to stay the deadlines regarding identification of the John Doe Defendants until the Court has ruled on his pending motion for leave to file an amended complaint. (Doc. 191). He argues that a stay will reduce expense and duplicative disclosures. The motion is **DENIED.** As discussed above, Plaintiff's motion for leave to file an amended complaint is denied. Regardless, however,

of how the Court ruled on the motion to amend, it is not clear why there would be duplicate disclosures, as Plaintiff does not name any John Doe Defendants in the case caption or in his list of defendants in his proposed amended complaint.

In light of this Order, Plaintiff shall have 14 days to file a motion to substitute. A motion to substitute specific Defendants for the John Does is due on or before **June 21, 2023.** Failure to file a motion to substitute by this date will result in the dismissal of the John Does without prejudice.

### III.  Second Motion for Appointment of Counsel

Plaintiff seeks court appointed counsel for a second time. (Doc. 201). In denying the first motion for counsel, the Court found that plaintiff had made reasonable efforts to obtain counsel on his own but that he was competent to try this matter without representation. (*See* Doc. 13). In his current motion, Plaintiff argues that he is unable to represent himself in this matter because he has limited access to the law library and no typewriter. He only has a high school education and no legal education. (*See* Doc. 10). Plaintiff also describes difficulties he will face during discovery. He states his case is complex and contains several different legal claims and medical issues, which may require expert testimony and access to sensitive and proprietary information. (Doc. 10).

Despite these obstacles, the Court still finds that Plaintiff is capable of representing himself. *See Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (identifying factors district court should consider when presented with a request for counsel by a pro se litigant). Discovery on the merits has been stayed, and the motions for summary judgment on issue of exhaustion are fully briefed and awaiting a ruling by the Court. There is no legal research or discovery to conduct at this time. Based on his numerous filings and communications to the Court, in which Plaintiff clearly articulates arguments and includes supporting citations to case law, Plaintiff has shown he is far more sophisticated than the average pro se litigant. At this stage, the Court does not believe that

Plaintiff needs counsel to effectively prosecute his claims. Accordingly, the motion is **DENIED.**

## DISPOSITION

For the reasons stated above, the motion to brief the Court filed by Plaintiff Knox is **GRANTED.** (Doc. 194).

The motion for leave to file an amended complaint filed by Plaintiff Knox is **DENIED without prejudice.** (Doc. 180).

The motion to stay deadlines filed by Plaintiff Knox is **DENIED.** (Doc. 191). A motion to substitute specific Defendants for the John Does is due on or before **June 21, 2023.** Failure to file a motion to substitute by this date will result in the dismissal of the John Does without prejudice.

The second motion for recruitment of counsel filed by Plaintiff Knox is **DENIED.** (Doc. 201).

**IT IS SO ORDERED.**

**DATED:   June 7, 2023**

                                                                          _s/Stephen P. McGlynn_
                                                                          **STEPHEN P. MCGLYNN**
                                                                          **United States District Judge**