IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, #N92676, <br><br>  Plaintiff, <br><br> v. <br><br> ROB JEFFREYS, *et al.*, <br><br>  Defendants. | Case No. 21-cv-00483-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. This litigation has over 40 defendants and successfully locating and serving all Defendants has been a lengthy process. (*See* Doc. 163, 175). There remain two defendants who have yet to file responsive pleadings to the Complaint – Oetjen and Burns. Plaintiff has filed a motion titled "Motion to Set Amount of Default Judgment Against Defendants Oetjen and Burns." (Doc. 178). Plaintiff requests the Court to enter default judgment against Defendants Oetjen and Burns and award him damages. Defendant Oetjen has filed a motion to set aside the Clerk's entry of default. (Doc. 190). For the following reasons, the motion for default judgment filed by Plaintiff will be **DENIED.** The motion to set aside entry of default filed by Defendant Oetjen will be **GRANTED.**

    I.    **Defendant Brenda Oetjen**

Defendant Oetjen was successfully served and directed to file an answer to the Complaint by November 22, 2021. (Doc. 41). Oetjen missed the deadline, and the Clerk of Court entered default against her. (Doc. 165). Plaintiff subsequently filed the motion currently pending before the Court requesting default judgment. (Doc. 178). In December 2022, Attorney Johnson appeared on behalf of Defendant Oetjen and filed the motion to set aside default. (Doc. 189, 190). According to Defense

Counsel, Oetjen is no longer employed with the Illinois Department of Corrections and was not aware that she needed to request representation from the Attorney General's Office. She mistakenly believed that she would be contacted regarding any future obligations related to this lawsuit. Oetjen's request for representation was received by the Attorney General's Office on October 28, 2022, but not forwarded to Defense Counsel until November 27, 2022. Shortly thereafter, Defense Counsel entered her appearance and filed the pending motion.

Given that defaults are disfavored, and the standard for vacating an entry of default is liberally applied, the Court finds that Oetjen has met the requirements of Rule 55(c). (*See* Doc. 175, p. 4) (discussing the elements to set aside an entry of default) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F. 3d 42, 45 (7th Cir. 1994)). Oetjen has "shown good cause for the lateness of [her] answer," as she did not intend to ignore this litigation, but, rather, failed to respond to the…complaint through inadvertence." *Cracco, v. Vitran Express, Inc.,* 559 F. 3d 625, 631 (7th Cir. 2009). Therefore, the Court **DENIES** Plaintiff's motion for default judgment and damages against Oetjen (Doc. 178) and **GRANTS** the motion to set aside the entry of default filed by Oetjen. (Doc. 190). *See Passarella v. Hilton Intern. Co.*, 810 F. 2d 674, 677 (7th Cir. 1987) ("a default judgment, like a dismissal, is a harsh sanction which should be employed only in extreme situations, or when other less drastic sanctions have proven unavailing") (citations omitted). The Clerk's Entry of Default is now **VACATED in full**.[1] (Doc. 165). Oetjen has leave to file her Answer to the Complaint **INSTANTER.**

II.   **Nurse Burns**

After unsuccessfully attempting to serve Burns by mailing a request to waive service of summons, the Clerk of Court issued a formal service of the summons and the Complaint on November 2, 2021. (Doc. 64, 69). The summons was returned unexecuted. (Doc. 125). The Court found that the attempt made by the United States Marshals Service to serve Burns had failed to meet the "reasonable

---

[1] The Entry of Default at Doc. 165 was previously vacated in part as to Defendants Bert and Knop. (*See* Doc. 175).

efforts" requirement as prescribed by the Seventh Circuit. (Doc. 131). The Clerk of Court was directed to reissue summons. On February 3, 2022, the summons was returned and filed as executed on the docket. (Doc. 146). The deadline was set for Burns to answer the Complaint by February 17, 2022. Burns missed the deadline and did not file a responsive pleading. Plaintiff filed a motion for the Clerk of Court to enter default against Burns, and the Clerk granted the motion pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 157, 158). The Court then directed the Clerk to send a copy of the Entry of Default to Burns. (Doc. 166).

Burns, however, has not been properly served pursuant to the Federal Rules of Civil Procedure 4(e), and the summons was docketed as "returned executed" in error. (Doc146). The full unredacted version of the summons shows that the marshal delivered the service packet via email, which does not comply with Federal Rule of Civil Procedure 4. Pursuant to Rule 4(e) service upon an individual is proper if it is effected by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2). An individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e)(1). Under Illinois law, "process must be served on an individual either by leaving a copy of the summons with that individual personally or by leaving a copy with a family member who is at least 13 years old at the residence of the individual to be served." *In re Adoption of M.A.E.,* No. 5-21-0291, 2022 WL 501329 (Ill. App. 5th, Feb. 18, 2022) (citing 735 ILCS 5/2-203) (holding that "the relevant statutory provisions and the supreme court rules do not authorize service of process by email"). If service is impractical, a plaintiff may request that the trial court allow for alternative service. 735 ILCS 5/2-203.1.

The Court finds that service has not been perfected according to the Federal Rules of Civil Procedure. Additionally, at this point in time, there is no indication that traditional service methods are impractical. After leaving notice at the designated address for Burns, Burns contacted the marshal. It is not clear from the marshal's notes why the marshal opted to email the summons and complaint, rather than arrange a time to properly serve her or obtain a proper address for service. The Clerk of Court therefore is directed to **REISSUE** the summons for Defendant Burns, and the United States Marshals Service shall make reasonable efforts to locate and serve the summons and Plaintiff's Complaint on this defendant in accordance with the Federal Rules of Civil Procedure. If unsuccessful, the Marshals Service shall include in the "Remarks" section of the Form USM-285 a description of the steps that it took to attempt to effect service of process. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service.

As Burns has not been served, the Clerk's Entry of Default is **VACATED.** (Doc. 158). The Clerk is **DIRECTED** to modify the docket so that Doc. 146 indicates that the summons was returned "unexecuted." The Court **DENIES** Plaintiff's motion for default judgment and damages against Burns. (Doc. 178).

**IT IS SO ORDERED.**

**DATED:   June 7, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**