**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TED KNOX,**<br>**#N92676,** | |
| **Plaintiff,** | **Case No. 21-cv-00483-SPM** |
| **v.** | |
| **ROB JEFFREYS,** *et al.,* | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on Plaintiff's requests to amend his Complaint. For the following reasons, the motions are denied.

### BACKGROUND

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. Plaintiff claims that IDOC and Wexford Health Sources, Inc. have a policy requiring inmates housed in North Two Cell House of Menard Correctional Center to walk up and down stairs to receive daily insulin shots. As a result of the policy and despite his physical disability, he was forced to take the stairs for his insulin while he was housed in North Two Cell House from December 2019 until February 2020, resulting in severe pain and missed insulin treatments. After review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims:

> **Count 1:**   ADA and RA claim against Jeffreys for forcing Plaintiff to use the stairs in order to receive his insulin treatments.

**Count 2:**    Eighth Amendment deliberate indifference claim against Oetjen, Newton, Jetton, Harmon, Kirk, Knight, Anderson, Matt, Mary Ann, Racheal, John Doe 1, Kenfred, Burner, Burns, Gregson, Evanger, Latrent, Engelage, Crain, Moldenhauer, Butalid, Lang, Siddiqui, Zimmer, Skidmore, Crawford, Robert, and Dewayne for repeatedly denying Knox insulin treatments.

**Count 3:**    Eighth Amendment deliberate indifference claim against Newton, Harmon, Liz, Burns, Kirk, Hamby, Burner, Oetjen, Kenfred, Walters, Anderson, Mary Ann, Sharon, Bender, Clark, Matt, Williams, John Doe 1, John Doe 2, Knight, Burt, Melissa, Bennett, Tripp, Corey, Rayburn, Gregson, Engelage, Crain, Crawford, Butalid, Lang, Moldenhauer, Siddiqui, Skidmore, Robert, Dewayne, and Steelhorn for forcing Knox to walk up flights of stairs to receive his insulin treatments in violation of his lower gallery permit.

**Count 4:**    Eighth Amendment claim against Jeffreys, Lawrence, Willis, and Wexford Sources, Inc., for maintaining a policy, custom, practice, or procedure of denying insulin treatments to inmates in North Two who are physically unable to walk to the designated room for treatment.

(Doc. 13). The Court entered an Initial Scheduling and Discovery Order setting deadlines for initial discovery, identifying the John Doe Defendants, and filing an amended complaint. (Doc. 179). On October 21, 2022, Plaintiff filed a timely motion for leave to file an amended complaint. (Doc. 180). Plaintiff's motion for leave to amend the complaint was timely, but the motion was denied because the proposed amended complaint did not comport with the Court's instructions and Local Rules. (Doc. 225).

After granting an extension, Plaintiff was allowed to file motion for leave to amend by July 10, 2023. (Doc. 235). Plaintiff was reminded that the proposed amended complaint must comply with the requirements stated in the Initial Scheduling and Discovery Order and Local Rule 15.1. He was warned that failure to do so would result in rejection of the proposed amended complaint and denial of the motion.

On July 7, 2023, Plaintiff filed a motion for leave to file an amended complaint pursuant

to Federal Rule of Civil Procedure 15(a), along with a proposed amended complaint. (Doc. 236). Defendants filed a response in opposition arguing that the motion for leave to amend should be denied because the proposed amended complaint:

> 1) is an excessively lengthy, meandering narrative that does not satisfy the requirement that it be a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by FED. R. CIV. P. 8(a); (2) does not attempt to state the allegations or claims within the framework of the Court's Memorandum and Order (Doc. 13) wherein the Court ordered that the Complaint would be deemed to have stated five counts, thereby failing to comply with the Court's Order and effectively nullifying the order imposed on the pleadings by the Court; and (3) includes new and amended allegations, including a new claim under Illinois State law.

(Doc. 237, p. 2). Defendants also argue that many of Plaintiffs claims appear barred by the statute of limitations and allowing Plaintiff to add new Defendants at this juncture would require ne exhaustion analysis, "essentially setting this case back to square one." (*Id.* at p. 7). Plaintiff filed a reply brief. (Doc. 238). He states he could not add his new claims until he met his exhaustion requirements and that the new allegations are transactionally related to the ongoing issues he has been having with receiving insulin, as alleged in the original Complaint. Plaintiff argues that he has litigated cases that have lasted over 10 years, and so Defendants' "attempt to put a time cap on justice being rendered is unheard of." He further asks the Court to recruit him counsel if his motion for leave to amend is denied.

The same day Plaintiff filed his reply, he filed a motion to strike. (Doc. 239). Plaintiff states that since filing his second motion to amend, he has consulted a paralegal at Pinckneyville Correctional Center and argues it would be in his best interest to have the second motion to amend stricken and be allowed to refile using the Court's delineated counts as stated in the Merit Review Order. He asks for an additional 30 days to file a new motion and proposed amended complaint. On August 4, 2023, Plaintiff filed a third motion for leave to file an amended complaint pursuant to Rule 15(a) and submitted a proposed amended complaint to the Court. (Doc. 242). Defendants

oppose the motion. (Doc. 243). Plaintiff filed a reply brief. (Doc. 244).

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). "Undue prejudice occurs where the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint and where the amendment would require expensive and time-consuming additional discovery." *Hinton v. Advocate Health and Hosp. Corp.*, No. 21 C 1681, 2023 WL 2762015, at *3 (N.D. Ill. Mar. 30, 2023).

However, "when a motion for leave to amend is filed after the deadline for amending the pleadings has elapsed, the generous standard in Rule 15(a)(2) for allowing amendments 'is in some tension with' Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). As a result, district courts are entitled to first apply the heightened "good cause" standard under Rule 16(b)(4)5 before considering the standard under Rule 15(a). *Id.* When determining good cause "the primary consideration for district courts is the diligence of the party seeking amendment." *See Alioto*, 651 F. 3d at 720.

MOTION TO STRIKE AND THIRD MOTION FOR LEAVE TO AMEND

The Court denies the motion to strike and third motion for leave to amend. (Doc. 239, 242). Plaintiff has not shown good cause for extending the deadline set by the Court. The Court denied

Page 4 of 7

Plaintiff's first motion for leave to amend on June 7, 2023, and instructed Plaintiff to use the counts as delineated by the Court in the Merit Review Order. He had until July 10, 2023, to correct the errors in his motion and submit a proposed amended complaint. Plaintiff does not provide a reason for failing to follow the Court's instructions when submitting his second proposed amended complaint or why he did not consult with other inmates prior to filing his second motion for leave to amend, or even why he did not do so before filing his first motion for leave to amend. The Court does not find Plaintiff's explanation for why he needs additional time meets the good cause standard, and the motion to strike and the third motion for leave to amend are denied.

Even if the Court found good cause existed to allow Plaintiff additional time, the third motion for leave to amend would still be denied. Plaintiff's proposed amended complaint is not in compliance with the Court's previous orders. A review of the third proposed amended complaint shows that it is incomplete. Picking up where the Merit Review Order left off, Plaintiff delineates his new claims as Counts 5, 6, and 7. He starts his statement of claim by stating that he realleges and "incorporates by reference paragraph(s) 58-215 of his original complaint, which remains substantively unchanged." He then begins his allegations with events that commenced on August 17, 2021, after this case was initiated. As Plaintiff has been advised, the Court does not accept piecemeal amendments, and the proposed amended complaint must stand complete on its own. (Doc. 179, p. 3-4). *See also Knox v. Lashbrooks,* No. 19-cv-00382-SMY-RJD, Doc. 100 (S.D. Ill. March 4, 2020); *Knox v. Butler,* 17-cv-00573-DWD, Doc. 29 (S.D. Ill. May 22, 2018); *Knox v. Butler,* 17-cv-00494-DWD, Doc. 31 (S.D. Ill. Apr. 3, 2018). Because an amended complaint supersedes and replaces the original complaint, if the Court accepted the third amended complaint, all his existing claims would be dismissed. The Court assumes that this is not Plaintiff's intention. Accordingly, the third motion for leave to amend pursuant to Rule 15(a) is denied.

**SECOND MOTION FOR LEAVE TO AMEND**

In the second proposed amended complaint, Plaintiff seeks to add 19 new defendants and brings new constitutional claims and ADA claims for events that transpired after the filing of his Complaint, from August 2020 through January 2022. He also asserts new claims of intentional infliction of emotional distress and negligent infliction of emotional damage under Illinois state law against all Defendants. He states that he waited to bring these additional claims until after he met the exhaustion requirements. (Doc. 238). Plaintiff modifies existing claims mainly by adding supporting factual details. For example, Plaintiff adds (1) the definition of a low gallery permit; (2) case law citation; (3) additional details regarding interactions with existing Defendants to support his claims; (4) the contents of letters he wrote to and responses from existing Defendants and outside complaint organizations; (5) information about the ADA elevator. (Proposed Amended Complaint, p. 10-33).

The Court finds that the allowing Plaintiff to amend his pleadings would cause undue prejudice to Defendants. This case has been pending for over two years and is still only at the exhaustion stage. Identifying and serving the current 46 Defendants has been lengthy and difficult, and the U.S Marshals Service only recently successfully served Defendant Burns. (*See* Doc. 23, 32, 39, 47, 51, 62, 70, 76, 162, 163, 175, 226, 227, 245). Plaintiff's additions to the Complaint are substantial. Identifying, locating, and conducting service on 19 new individuals and the additional discovery and briefing on exhaustion of administrative remedies would delay this case even further and prejudice the existing litigants.[1]  Additionally, the proposed amended complaint would expand the scope of the litigation and lengthen merits discovery considerably. *See Cowen v. Ban United of Texas, FSB,* 70 F. 3d 937, 944 (7th Cir. 1955) ("control the pace and scope of discovery…is

---

[1] The new deliberate indifference claims are alleged against about half the existing Defendants.

also within the district judge's discretion"). The Court finds that the prejudice incurred to Defendants by allowing the amended complaint outweighs any hardship to Plaintiff. Accordingly, the second motion for leave to file amended complaint is **DENIED.** (Doc. 236).

### REQUEST FOR COUNSEL

For the reasons stated in the Court's Ordered entered on June 7, 2023, Plaintiff's request for the Court to recruit him counsel is **DENIED.** (Doc. 225). Nothing has changed in this case since, Plaintiff last requested counsel. (Doc. 201). The motions for summary judgment on exhaust are fully briefed, and merits discovery has not commenced. While the Court has denied Plaintiff's motions to amend his Complaint, the Court still believes he can represent himself at this time.

### DISPOSITION

For the reasons stated above, the motion to strike and the third motion for leave to file amended complaint are **DENIED.** (Doc. 239, 242). The second motion for leave to file amended complaint is **DENIED**. (Doc. 236).

**IT IS SO ORDERED.**

**DATED:   September 5, 2023**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**