IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TED KNOX,** **#N92676,** | |
| Plaintiff, | Case No. 21-cv-00483-SPM |
| v. | |
| **ROB JEFFREYS**, *et al.,* | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Robert Schremp and Duane Hill (Doc. 197) and a motion for summary judgment on exhaustion of administrative remedies filed by Defendants Rob Jeffreys, Tyler Harmon, Anthony Wills, Frank Lawrence, Angela Crain, Ron Skidmore, Joshua Berner, Andrew Bennett, Brian Evinger, Kyle Clark, Susan Kirk, Augusta Williams, Angie Walter, Lee Gregson, Lakesha Hamby, Christi Rayburn, Brandy Tripp, Reva Engelage, MaryAnn Merideth, Aimee Lang, Sharon Rodgers, Melissa Ogle, Rachel McKinstry, Kevin Buettner, Elizabeth Burt, Elizabeth Knop, Steven Newton, Corey Becker, Justin Kempfer, Robert Letrent, Amylee Jetton, Brenda Oetjen, and Kylan Knight ("IDOC Defendants") (Doc. 208).[1]

---

[1] Defendants Wexford Health Sources, Inc., Mohammed Siddiqui, Michael Moldenhauer, Mary Zimmer, Alberto Butalid, Ashley Anderson, Samantha Stellhorn, and Danielle Conner did not file motions for summary judgment on the issue of exhaustion by the deadline of January 16, 2023, so the defense is **DEEMED WAIVED** by these Defendants. (*See* Doc. 179, 198, p. 2).

The Clerk of Court is **DIRECTED** to modify the docket to reflect the true and accurate names of the following Defendants: Frank Lawrence ("Warden Lawrence"), Anthony Wills ("A.W. Wills"), Mohammed Siddiqui ("Dr. Siddiqui"), Michael Moldenhauer ("N.P. Moldenhauer"), Mary Zimmer ("N.P. Zimmer"), Alberto Butalid ("Dr. Butalid"), Robert Schremp ("Dr. Robert"), Joshua Berner ("Lt. Burner"), Amylee Jetton ("Lt. Jetton"), Andrew Bennett ("Sgt. Bennett"), Tyler Harmon ("Joshua Harmon"), Steven Newton, ("C/O Newton"), Kylan Knight ("C/O

Plaintiff Ted Knox filed responses to both motions. (Doc. 202, 224). In his response to the motion filed by Defendants Schremp and Hill, Knox concedes that he did not exhaust his administrative remedies as to his claims against these two Defendants prior to initiating this lawsuit. (Doc. 202). He states that he agrees that Defendants Schremp and Hill should be dismissed. The motion for summary judgment filed by Defendants Schremp and Hill is therefore **GRANTED**. (Doc. 197). Knox, however, opposes the motion filed by the IDOC Defendants. For the reasons stated below, the motion for summary judgment filed by the IDOC Defendants will be denied.

## BACKGROUND

Plaintiff Ted Knox, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and his rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Knox claims that that he suffers from several medical issues. He is diabetic, morbidly obese, has left hip osteoarthritis, an enlarged heart, high blood pressure, and a partial collapsed lung. Because of his medical conditions and physical disabilities, Knox has a low gallery permit, which mandates that he is not to walk up any flight of stairs. Despite his medical conditions, while housed in North Two House from December 2019 until February 2020, Knox was forced to walk up and down several flights of stairs to the infirmary, located on the fifth floor, to receive his insulin. On certain occasions, Knox was in too much pain to walk to the infirmary. He asserts that when his

---

Knight"), Brian Evinger ("C/O Evanger"), Kevin Buettner ("C/O Bender"), Kyle Clark ("C/O Clark"), Brenda Oetjen ("Nurse Oetjen"), Susan Kirk ("Nurse Kirk"), Augusta Williams ("Nurse Williams"), Angie Walter ("Nurse Walters"), Lee Gregson ("Nurse Gregson"), Lakesha Hamby ("Nurse Hamby"), Chrisit Rayburn ("Nurse Rayburn"), Brandy Tripp ("Nurse Tripp"), MaryAnn Merideth ("Nurse Mary Ann"), Aimee Lang ("Nurse Lang"), Sharon Rodgers ("Nurse Sharon"), Melissa Ogle ("Nurse Melissa"), Rachel McKinstry ("Nurse Racheal"), and Samantha Stellhorn ("Ms. Steelhorn").

pain became this severe, he would inform staff that he was unable to walk and would request to use the elevator or to have the insulin administered at his cell. Knox was denied the use of the elevator, and he was told that there was a policy in North Two prohibiting needles in the galleries and the administration of insulin at "cell front." As a result, on days he was unable to walk, he alleges he was denied insulin treatments.

After the Court conducted a preliminary review of the Complaint pursuant to Section 1915A, Knox is proceeding with the following claims:

> **Count 1:**   ADA and RA claim against Jeffreys for forcing Knox to use the stairs in order to receive his insulin treatments.
>
> **Count 2:**   Eighth Amendment deliberate indifference claim against Oetjen, Newton, Jetton, Harmon, Kirk, Knight, Anderson, Merideth, McKinstry, John Doe 1, Kempfer, Berner, Burns, Gregson, Evinger, Letrent, Engelage, Crain, Moldenhauer, Butalid, Lang, Siddiqui, Zimmer, Skidmore, and Crawford for repeatedly denying Knox insulin treatments.
>
> **Count 3:**   Eighth Amendment deliberate indifference claim against Newton, Harmon, Knop, Burns, Kirk, Hamby, Berner, Oetjen, Kempfer, Walter, Anderson, Merideth, Rodgers, Buettner, Clark, Williams, John Doe 1, John Doe 2, Knight, Burt, Ogle, Bennett, Tripp, Becker, Rayburn, Gregson, Engelage, Crain, Crawford, Butalid, Lang, Moldenhauer, Siddiqui, Skidmore, and Stellhorn for forcing Knox to walk up flights of stairs to receive his insulin treatments in violation of his lower gallery permit.
>
> **Count 4:**   Eighth Amendment claim against Jeffreys, Lawrence, Wills, and Wexford Sources, Inc., for maintaining a policy, custom, practice, or procedure of denying insulin treatments to inmates in North Two who are physically unable to walk to the designated room for treatment.

(Doc. 13).

In the motion for summary judgment filed by IDOC Defendants, they concede that Knox properly exhausted his administrative remedies as to the claims in Count 1. (Doc. 209, p. 2). They argue that Knox failed to exhaust his administrative remedies with respect to the allegations in Counts 2, 3, and 4. IDOC Defendants have identified the following five grievances filed by Knox

that are relevant to these counts:

- Emergency Grievance #133-1-20/1, dated January 12, 2020. In this grievance, Knox states that he had an appointment with Dr. Butalid to discuss "insulin refusal." Knox attempted to explain to Dr. Butalid that he was not refusing his insulin shots but that medical staff had been refusing to bring the insulin to the cell front on days where he was physically unable to walk. While Knox was talking, Nurse Amy Lang interrupted. Lang shouted at Knox and called him "a fat and lazy grievance writer."

- Emergency Grievance #133-1-20/2, dated January 12, 2020. In this grievance, Knox grieves that since being transferred to North Two, he is being denied diabetic insulin treatment and subjected to extreme handcuffing procedures that are violating terms of his medical permits when he leaves the cell to receive his insulin shots. He states that on days he is unable to walk, staff refuse to dispense his insulin at his cell.

- Grievance #352-1-20, dated January 25, 2020. In this grievance, Knox grieves that on January 25, 2020, he told a correctional officer that he was unable to walk to the fifth floor for his insulin shot and asked the correctional officer to inform the nurse. About thirty minutes later, Nurse Anderson and Correctional Officer Kempfer[2] came to his cell and tried to force him to sign an "insulin refusal slip." Knox stated that he was not refusing to take his insulin but that he was unable to walk up the stairs. Knox stated that he needed the insulin shot brought to him. Anderson told Knox it was policy that "insulin couldn't come on the gallery." She stated that she would have Kempfer sign the refusal slip on his behalf.

- Grievance #57-2-20, dated February 3, 2020. In this grievance, Knox states that on January 31 and February 2 and 3, 2020, Nurse Brenda Oetjen and correctional staff refused to give him his insulin shot at his cell, after he told them he was unable to walk up the stairs to receive his insulin shot from the infirmary. Oetjen tried to have Knox sign a refusal slip, but Knox stated he was not refusing. He grieves that his physical disabilities should warrant accommodations, such as receiving insulin at his cell. He asks to receive his insulin shots at his cell or, in the alternative, to be moved to a cell where reasonable accommodations can be made. Knox also asks for someone to investigate into why other inmates have received insulin treatments at their cell in North Two.

- Emergency Grievance #224-2-20, dated February 12, 2020. In this grievance, Knox grieves that from February 4 through February 11, 2020, various individuals had him violate his medical permits in order to receive insulin treatment, and at times, medical and correctional staff refused to

---

[2] Correctional Officer Justin Kempfer is identified in the grievance and the Complaint as "C/O Kenfred." (*See* Doc. 70).

>provide him with insulin because he was physically unable to walk to the fifth-floor infirmary to receive treatment. Knox asks for staff to be reprimanded for denying him access to diabetic insulin treatment.

(Doc. 209, p. 4-6). IDOC Defendants argue that these grievances do not provide specific factual details regarding each element of Knox's claim, as is required by the Illinois Administrative Code. (*Id.* at p. 8, 11) (citing 20 ILL. ADMIN. CODE §504.810). They point out the none of the grievances claim that the individual Defendants named in this suit denied him insulin or forced him to walk up flights of stairs. (*Id.* at p. 13). He also does not "make any specific allegations that these policies or procedures have denied him of insulin treatment to inmates in North Two who are physically unable to walk to the designated room for treatment." (*Id.* at p. 13-14). Because Knox did not include the necessary details in his grievances, he failed to exhaust his administrative remedies as to Counts 2, 3, and 4.

Knox argues that these five grievances sufficiently notified prison staff that he was being denied insulin due to his inability to walk and that he was being forced to use the stairs in violation of his medical permit and causing him additional pain. (Doc. 224).[3] He states that grievances are intended to give prison administrators an opportunity to address a short coming. Contrary to IDOC Defendants' arguments, he argues that he did not need to put each individual on notice of his potential counts in a lawsuit. The Court agrees, and the motion for summary judgment will be **DENIED.**

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no

---

[3] Knox also references a sixth grievance – Grievance #257-4-20, dated April 17, 2020. In this grievance, Knox complains that he has not received treatment or education for his degenerative disc disease. (Doc. 224, p. 10, 38-39). The Court does not find this grievance relevant to the alleged facts in this case. Accordingly, Grievance #257-4-20 does not serve to exhaust his administrative remedies as to the claims in this case.

genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

II.     **Exhaustion of Administrative Remedies**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

The grievance procedure for IDOC inmates is laid out in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. The Code instructs that a grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."

20 ILL. ADMIN. CODE § 504.810(c). If the inmate does not know the name of an individual involved in an incident, then he or she must include as much descriptive information about the individual as possible. *Id.*

## ANALYSIS

The parties do not dispute whether Knox followed proper procedure in submitting and fully exhausted Grievances #1131-1-20/1, 1331-1-20/2, 352-1-20, 57-2-20, and 224-2-20. The issue before the Court is whether the grievances contain sufficient details to give the prison notice of his problem and chance to fix it. As Knox argues, the grievance process is not intended to provide individual notice to each defendant who might be sued later; nor is he required to articulate a legal theory or demand particular relief in his grievances. The grievance process is designed to provide prison officials with notice of the problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). While inmates are to include "factual details regarding each aspect of [his or her] complaint," 20 ILL. ADMIN. CODE. §504. 810(c), the Seventh Circuit has indicated that this regulation requires the inmate to articulate sufficient facts from which the "prison could reasonably expect from a prisoner in his position." *Glick v. Walker,* 385 F. App'x 579, 582 (7th Cir. 2010). Here, the content of Knox's grievances has met these requirements and serve to fully exhaust Knox's claims in Counts 2, 3, and 4.

Specifically for Count 2, each of the five grievances indicates in some way that Knox was being denied insulin treatments on days he could not physically walk to the infirmary and that he believed nothing was being done to ensure he received adequate treatment for his diabetes, considering his physical impairment and medical conditions. In Grievance #1131-1-20/1, Knox states that during a medical appointment he attempted to explain to Dr. Butalid that he was not refusing insulin but that it was "nursing/medical staff that's been refusing to bring my insulin to

the cell front (on the days I physically unable to walk out)," when he was interrupted by Nurse Lang. (Doc. 209-1, p. 18-19). He asks to be rescheduled for another appointment with Dr. Butalid so he can continue discussing the issue of him refusing insulin. (*Id.*). In Grievance #1131-1-20/2, Knox grieves that since being moved to North Two, he is had been denied regular diabetic insulin treatment. (*Id.* at p. 20). In Grievances #352-1-20, #57-2-20, and #244-2-20, Knox describes specific situations where he was denied insulin treatments because he was unable to walk to the infirmary. (*Id.* at p. 4-5, 7-8).

As to Count 3, allegations that Knox was forced to walk up flights of stairs to receive his insulin treatments in violation of his lower gallery permit, Knox writes that medical staff are refusing to bring him his insulin to the "cellfront" in violation of his permit conditions in Grievance #133-1-20/2. (Doc. 209-1, p. 21). He goes on to state that he is being compelled to violate the conditions of his permit in order to receive insulin treatments and that medical and non-medical staff are refusing to bring or approve insulin shots at his cell. (*Id*). In Grievance #224-2-20, Knox again grieves that on February 5 and 6, 2020, he was compelled to violate the terms of his medical permit in order to receive his insulin. (*Id.* at p. 12-13).

In Count 4, Knox alleges that Defendants implemented unconstitutional diabetic insulin treatment policies and procedures that denied inmates with physical disabilities and medical low gallery permits in North Two insulin treatments unless they walk up several flights of stairs. He specifically mentions that refusal by staff to bring him insulin to his cell is a result of unconstitutional insulin administration policies and procedures in Grievances #133-1-20/2 and 352-1-20. In Grievance #57-2-20, Knox writes that he was told there was a rule prohibiting insulin administration at the cells.

In the grievances before the Court, Knox clearly complains about being denied insulin treatments on days he was unable to walk because of conduct by individual staff members and a

policy that prohibited him from receiving insulin administration at his cell. He also grieves that he believes that forcing him to walk up the stairs to the infirmary violates his low gallery medical permit, which he was compelled to do by staff. Most of the IDOC Defendants are mentioned at least once in these grievances in relation to these allegations,[4] and Knox writes that the events described in the grievance also include unnamed nurses and correctional officers who refused to assist him. (*See* Doc. 209-1, p. 15). The Court recognizes that the Illinois Administrative Code states that an inmate is to provide the "name of each person who is subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN CODE §504.810(c). But given the ongoing nature of his claims and detail provided in the grievances, the Court finds that the five grievances meet the requirements of the Illinois Administrative Code and included sufficient details to alert Menard officials to the difficulties Knox was experiencing concerning his medical care for his diabetes. *See Turley v. Rednour,* 729 F. 3d 645, 650 (7th Cir. 2013) ("prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuation"); *Donald v. Varga,* No. 17 C 50368, 2019 WL 2525856, at *5 (N.D. Ill. June 19, 2019) ("the purpose of the [name] requirement is to put prison officials on notice of an issue at the prison; failure to include named defendants in a grievance is "a mere technical defect" where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond"). Accordingly, the motion for summary judgment filed by IDOC Defendants is **DENIED.** (Doc. 208).

### UNKNOWN DEFENDANTS

The Court set a deadline of December 16, 2022, for Knox to file a motion to substitute specific Defendants for the John Does or, if any of the John Does remain unidentified, to file a

---

[4] The Court finds only seven IDOC Defendants not specifically named in the grievances regarding the claims brought in this case – Sergeant Andrew Bennett, Corey Becker, Robert Letrent, Brand Tripp, Reva Engelage, Melissa Ogle, and Rachel McKinstry.

motion specifying additional steps that could be taken to identify them. (Doc. 179). This deadline was extended at Knox's request until June 21, 2023. (Doc. 225). The Court informed Knox that failure to file a motion to substitute by that date would result in the dismissal of the John Does without prejudice. Knox has not filed a motion to substitute by the deadline, and John Does 1 and 2 are therefore **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to terminate them as parties to the case.

## DISPOSITION

For the reasons stated above, the motion for summary judgment filed by Defendants Hill and Schremp is **GRANTED.** (Doc. 197). The claims against Hill and Schremp are **DISMISSED without prejudice** for Knox's failure to exhaust. The Clerk of Court shall **TERMINATE** Hill and Schremp as parties to this case.

The motion for summary judgment filed by the IDOC Defendants is **DENIED.** (Doc. 208). The stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

The Clerk is further **DIRECTED** to correct the names on the docket in accordance with Footnote 1 of this Order.

**IT IS SO ORDERED.**

**DATED: September 11, 2023**

                                                         *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**